O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARACELY GALDAMEZ, an individual, | ) ) | Case No. CV 12-10934 DDP (RZx) |
| Plaintiff, | ) ) ) | **ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF JURISDICTION** |
| v. | ) ) | |
| METRO SERVICE SOUTH, INC., a business of unknown form; MAURICIO SANCHEZ, an individual, | ) ) ) ) ) | |
| Defendants. | ) ) | |

It is not clear to the court that it has subject matter jurisdiction over this case. Defendant Metro Services Group removed the case to this court claiming that Plaintiff's first cause of action for Breach of the Covenant of Good Faith and Fair Dealing is preempted by Section 301 of the Labor Management Relations Act.

Preemption under section 301 requires a two-step analysis. See Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court must determine "whether the asserted cause

of action involves a right conferred upon an employee by virtue of state law, not by a CBA." Id. If the right is conferred by the CBA, preemption applies, but if it is conferred by state law, the inquiry moves to step two. Id.

At the second step, the Court must determine whether Plaintiff's claims are "nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" Burnside, 491 F.3d at 1059 (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 394 (1987)). If the claim requires the court to "interpret," rather than merely "look to," the CBA, then the claim is substantially dependent on the CBA and is preempted by section 301. See id. at 1060. When the parties do not dispute the meaning of the CBA, however, the fact that it will be "consulted in the course of state law litigation does not require preemption." Ward v. Circus Circus Casinos, Inc., 473 F.3d 994, 998 (9th Cir. 2007). Moreover, "reliance on the CBA as an aspect of a defense is not enough to 'inject[] a federal question into an action that asserts what is plainly a state-law claim.'" (quoting Caterpillar, 482 U.S. at 398-99 (explaining that "the plaintiff is the master of the complaint," and that if the defendant could engineer "the forum in which the claim shall be litigated" based on the substance of his defense, "the plaintiff would be master of nothing")).

Here, Plaintiff's claims do not appear to require the interpretation of the CBA. Parties are therefore ordered to file cross-briefs, not to exceed ten pages, by no later than Monday, March 11, 2013 to show cause why this action should not be remanded for lack of jurisdiction. The parties should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring

```
 1  Street, Los Angeles.  If a party does not file a brief, the court
 2  will regard the party as consenting to remand.
 3
 4  IT IS SO ORDERED.
 5
 6
 7  Dated: March 1, 2013
                                       DEAN D. PREGERSON
 8                                     United States District Judge
```

3