O

JS - 6

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 493992

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARACELY GALDAMEZ, an individual, | Case No. CV 12-10934 DDP (RZx) |
| Plaintiff, | ORDER REMANDING ACTION TO STATE COURT |
| v. | |
| METRO SERVICE SOUTH, INC., a business of unknown form; MAURICIO SANCHEZ, an individual, | |
| Defendants. | |

The court issued an Order to Show Cause Why This Case Should Not Be Remanded for Lack of Jurisdiction. Defendant Metro Services Group, erroneously sued as Metro Service South, Inc., and Plaintiff Aracely Galdamez responded. Having considered the parties' briefs in response, the court finds that it lacks subject matter jurisdiction and REMANDS the action to state court.

Section 301 of the Labor Management Relations Act, 28 U.S.C. § 1367, preempts certain state law claims which require an interpretation of a collective bargaining agreement ("CBA"). Milne Emps. Ass'n v. Sun Carriers, 960 F.2d 1401, 1407-08 (9th Cir.

1  1991). Determining section 301 preemption requires a two-step
2  analysis. See <u>Burnside v. Kiewit Pac. Corp.</u>, 491 F.3d 1053, 1059
3  (9th Cir. 2007). First, the Court must determine "whether the
4  asserted cause of action involves a right conferred upon an
5  employee by virtue of state law, not by a CBA." <u>Id.</u> If the right
6  is conferred by the CBA, preemption applies, but if it is conferred
7  by state law, the inquiry moves to step two. <u>Id.</u>
8   At the second step, the Court must determine whether
9  Plaintiff's claims are "nevertheless 'substantially dependent on
10 analysis of a collective-bargaining agreement.'" <u>Burnside</u>, 491
11 F.3d at 1059 (quoting <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386,
12 394 (1987)). If the claim requires the court to "interpret,"
13 rather than merely "look to," the CBA, then the claim is
14 substantially dependent on the CBA and is preempted by section 301.
15 <u>See id.</u> at 1060. When the parties do not dispute the meaning of
16 the CBA, however, the fact that it will be "consulted in the course
17 of state law litigation does not require preemption." <u>Ward v.</u>
18 <u>Circus Circus Casinos, Inc.</u>, 473 F.3d 994, 998 (9th Cir. 2007).
19 Moreover, "reliance on the CBA as an aspect of a defense is not
20 enough to 'inject[] a federal question into an action that asserts
21 what is plainly a state-law claim.'" Burnside, 491 F.3d at 1060
22 (quoting <u>Caterpillar</u>, 482 U.S. at 398-99). <u>Caterpillar</u> explains
23 that "'the plaintiff is the master of the complaint,' and that if
24 the defendant could engineer 'the forum in which the claim shall be
25 litigated" based on the substance of his defense, "the plaintiff
26 would be master of nothing.'" <u>Burnside</u>, 491 F.3d at 1060, quoting
27 <u>Caterpillar</u>, 482 U.S. at 398-99.
28

Defendant argues that Plaintiff's claim for breach of covenant of good faith and fair dealing requires the interpretation of a CBA because she was subject to a collective bargaining agreement which expressly provided that "discharge or other discipline shall be for cause only." (Decl. Marvin Florence, Exh. A, section VIII(F).) The court disagrees. The test to determine whether a tort claim is preempted is "whether the state 'confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract.'" Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 999 (9th Cir. 1987) (quoting Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)). To determine this, courts ask whether a union could waive state tort protection under a CBA. See, e.g., Young, 830 F. 2d at 1001 (holding that an implied covenant of good faith and fair dealing was preempted because "a union can waive probationary employees' contractual job security rights obtaining, in exchange, job security for more senior employees."). Here, a union could not waive the employees' right to be free of sexual harassment in the workplace in exchange for any benefits under a CBA. Because Plaintiff has this right regardless of the terms of the CBA, that agreement need not be interpreted to determine whether her right has been violated. The court therefore moves to the second step of the analysis.

Defendant argues that even if the second step of the analysis is applied, Plaintiff's cause of action for breach of the covenant of good faith and fair dealing would still be preempted because it is substantially dependent on analysis of the collective bargaining

3

agreement. The court disagrees. Defendant cites cases in which the breach of the covenant of good faith claim was found to be preempted, but does not indicate why, in the instant case, the terms of the CBA would be implicated in determining whether Plaintiff suffered a breach of the covenant of good faith due to sexual harassment. The only issue is whether sexual harassment occurred, not what is permitted by the terms of the CBA. The Complaint alleges that "[u]nder said employment contract, Ms. Galdamez was entitled to a work environment where she would be able to perform her job duties, free of discrimination and harassment and where she would be treated equally as other similarly [situated] employees" (Compl. ¶ 36.), but this allegation does not appear to invoke rights provided by the CBA beyond Plaintiff's basic right to be free of sexual harassment in the workplace. Defendant has not suggested that the CBA gives Plaintiff any particular pertinent rights that would enter into this analysis.

For these reasons, the court finds that Plaintiff's first cause of action is not preempted by section 301 of the LMRA and that as a result the court lacks jurisdiction. The action is REMANDED to state court.

IT IS SO ORDERED.


Dated: March 26, 2013

DEAN D. PREGERSON
United States District Judge